UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:19-cr-99-2 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| ALONZO DEAN WESTMORELAND | ) | Magistrate Judge Christopher H. Steger |
| | ) | |

**M E M O R A N D U M**

Before the Court is Defendant's Motion for Sentence Reduction Under Guideline
Amendment 821, Part A. (Doc. 55). The United States ("the Government") responded in
opposition. (Doc. 56.) For the reasons stated below, Defendant's Motion for Sentence Reduction
(Doc. 55) will be **DENIED**.

I.      **BACKGROUND**

On July 22, 2019, a Bill of Information charged Defendant with one count of transporting
an individual for the purpose of engaging in prostitution in violation of 18 U.S.C. § 2421 and § 2.
(Doc. 1.) On September 26, 2019, Defendant pleaded guilty to the sole count. (Doc. 15.)

The Presentence Investigation Report ("PSR") indicated Defendant had prior adult
convictions for robbery and second-degree burglary. (Doc. 35 ¶¶ 39–40.) One robbery offense
occurred in November 2006, in which Defendant took a purse from the victim. (*Id.* ¶ 39.) Another
robbery offense occurred in January 2007, and was the result of Defendant stealing a purse while
using a glass bottle as an offensive weapon (*Id.* ¶ 39.) As part of the same case, Defendant was
also indicted for kidnapping for holding the victim against her will with an act involving bodily
injury and entering an automobile with the intent to commit theft. (*Id.*) The burglary offense
occurred in 2015 and involved kicking in a door to steal cash from a business. (*Id.* ¶ 40.) At the

1

time Defendant was sentenced by this Court, he also had two pending theft charges from 2014. (*Id*. ¶ 45.)

Defendant reported he had been using marijuana since age eleven and cocaine since age sixteen. (*Id*. ¶ 58.) He also expressed a "growing preference" for methamphetamine. (*Id*. ¶ 59.) At the time of sentencing, Defendant acknowledged substance abuse treatment would be beneficial. (*Id*.)

The PSR determined Defendant's base offense level was 24. (*Id*. ¶ 24.) Three two-level enhancements were applied for unduly influencing a minor to engage in prohibited sexual conduct (USSG § 2G1.3(b)(2)(B)), using a computer to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor (USSG § 2G1.3(b)(3)(B)), and the offense's involving the commission of a sex act, sexual contact, or a commercial sex act (USSG §2G1.3(b)(4)). (Doc. 35 ¶¶ 25–27.) A three-level reduction for acceptance of responsibility was applied for a total offense level of 27. (*Id*. ¶¶ 33–35.) Defendant's prior convictions yielded a criminal history score of six, to which the PSR added two "status points" for committing the offense while under a criminal justice sentence. (*Id*. ¶¶ 41–43.) His resulting criminal history score of eight placed him in criminal history category IV. (*Id*. ¶ 43.) Based on an offense level of 27 and criminal history category of IV, the Court calculated a guideline range of 100 to 120 months of imprisonment. (Doc. 52 at 1.) The Court sentenced Defendant to 108 months in prison. (Doc. 51 at 2). Defendant's projected release date is November 30, 2026. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (last visited February 6, 2025).

While incarcerated, Defendant has incurred eleven disciplinary infractions, two of which occurred in the past six months. (Doc. 56-1.) These two most recent disciplinary sanctions were for engaging in sexual acts in the presence of staff on August 9, 2024, and October 24, 2024. (*Id*.

at 1.) Other infractions include possession of an unauthorized item on June 27, 2024, assault without serious injury twice on May 9, 2024, engaging in sexual acts on March 2, 2023, and possession of a dangerous weapon on July 6, 2021. (*Id.* at 2–4.) The Court recommended Defendant participate in the residential drug abuse treatment program but Defendant was deemed "unqualified." (Doc. 54 at 2; Doc. 56-2 at 1.) The Bureau of Prisons considers Defendant to be at high risk of recidivism. (Doc. 56-2 at 2.) This is based in part on Defendant's criminal history score. (Doc. 55 at 3; Doc 55-1 at 2.) To Defendant's credit, he completed a drug education program in 2021 and classes toward his GED. (Doc. 55 at 7–8; Doc. 55-2 at 1; Doc. 56-2 at 1.)

Effective November 1, 2023, Amendment 821 reduced status points from two to one if the defendant received 7 or more points under U.S.S.G. § 4A1.1(a)–(d) and eliminated them otherwise. *See* U.S.S.G. § 4A1.1(e). This amendment applies retroactively. U.S.S.G. § 1B1.10(d). The present motion followed.

## II.    LEGAL STANDARD

A district court has "no inherent authority … to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). However, 18 U.S.C. § 3582(c)(2) provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has explained that § 3582(c)(2) requires a "two-step inquiry." *Dillon*

*v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Id.* A reduction is inconsistent with § 1B1.10 if none of the amendments made retroactive in the policy statement apply to the defendant or would "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In determining what reduction, if any, is appropriate, the Court "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The Court must "leave all other guideline application decisions unaffected." *Id.* With limited exceptions, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). Nor may the "reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

At step two, the Court considers the applicable § 3553(a) factors to determine whether the authorized reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "[T]he decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (citing *Johnson*, 564 F.3d at 421). But "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).

### III. ANALYSIS

Here, the parties agree that Amendment 821 produces an amended guideline range of 87 to 108 months. (Doc. 55 at 1; 56 at 3.) Defendant requests a sentence of 87 months, which would likely result in release in approximately March 2025. (Doc. 55 at 1.) The Government

4

recommends denying the motion based on Defendant's post-sentencing conduct. (Doc. 56 at 4.) The Government also notes that Defendant's sentence of 108 months is within the amended guideline range. (*Id*.)

Considering all Defendant's conduct before and after sentencing, the § 3553(a) factors weigh against reduction of Defendant's sentence. *See Monday*, 390 F. App'x at 554. Within the last two years, Defendant has incurred seven disciplinary infractions. (Doc. 56-1 at 1–3.) Two of these sanctions occurred in the past six months and involved engaging in sexual acts. (*Id*. at 1.) Defendant's infractions coupled with the present offense of transporting an individual for the purpose of engaging in prostitution and previous offenses involving threats of violence suggest a continuing need to protect the public from future crimes Defendant might commit. The Bureau of Prisons' classification of Defendant as a high risk of recidivism supports this conclusion, even considering that the risk classification is based in part on Defendant's criminal history points which are reduced under Amendment 821. (*See* Doc. 55 at 3; Doc. 55-1 at 2; Doc. 56-2 at 2.)

Reducing Defendant's sentence under Amendment 821 would not meet the goals of the § 3553 factors in light of the need to promote respect for the law and to protect the public from further crimes of Defendant. *See* 18 U.S.C. § 3553(a).

## IV.      CONCLUSION

For the reasons stated herein, Defendant's Motion for Sentence Reduction (Doc. 55) will be **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

5